## CIRCUIT COURT OF HENRICO COUNTY

William L. Melton

   v.

Mercedes Melton Haislip

October 13, 1983

Case No. 82-C-563

By JUDGE E. BALLARD BAKER

This case is before this Court on exceptions taken by Mercedes Melton Haislip to the report of a Commissioner in Chancery holding that two joint accounts in the name of John Franklin Melton and Mercedes Melton Haislip, with survivorship provisions, are part of the Estate of John Franklin Melton and did not pass to Haislip on the death of Melton.

The Commissioner stated that

> . . . at the time the accounts were created, the plaintiff has shown by clear and convincing proof (the statements of Mercedes Melton Haislip) that the purpose of the joint accounts was so Mercedes could write checks for him, and not that all the money would pass to her upon his death.

Section 6.1-125.5 is controlling and provides, in part, as follows:

> . . . Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate unless there is clear and convincing evidence of a different intention at the time the account is created. . .

Middleton et al. v. Johnston et al., 221 Va. 797, says:

> . . . clear and convincing evidence is that degree of proof which will produce in the mind of the trier of facts a firm belief as to the allegations sought to be established. Such measure of proof is intermediate, more than a mere preponderance but less than is required for proof beyond a reasonable doubt; it does not mean clear and unequivocal. (221 Va. 803).

John Melton, the deceased, had six adult children living at his death on January 5, 1982. His wife died on January 4, 1981. Prior to her death, they had maintained a joint account, with survivorship, at Virginia Federal Savings and Loan. (Plt. Ex. 1). It does not appear that any change was made in the names on this account until February 27, 1981.

On February 27, 1981, at John Melton's request, the names on this account were changed to J. F. Melton and Mercedes M. Haislip. The balance in this account was $35,232.72. The account was "As joint tenants with right of survivorship . . .". At the death of John Melton on January 5, 1982, the balance was $40,255.60. (Plt. Ex. 1).

On March 6, 1981, John Melton and Mercedes opened a joint checking account at Central Fidelity, ". . . with survivorship. . ." (Tr. 12-82, p. 59, Def. Ex. 1). At his death the balance was $943.72. (Tr. 12-82, p. 40).

Under § 6.1-125.5, the money in these two accounts goes to Mercedes Haislip unless ". . . there is clear and convincing evidence of a different intention at the time the account is created."

A brief comment on the evidence relating to family relationships seems appropriate.

John Melton and his wife came to live with Mercedes and her husband in October 1979, and remained there until their respective deaths, except for periods of hospitalization. It appears that Mercedes took care of them, received his Power of Attorney in April 1980, and had taken care of his business affairs since 1974.

After moving in with Mercedes and her husband, John Melton and his wife paid $8,900.00 for an addition to the home, this providing a separate living area for them. John Melton also bought a new Oldsmobile for Mercedes in July 1980 because Mercedes's car was worn out, primarily as a result of her providing transportation for him. John Melton shared the cost of food and utilities equally while living with Mercedes.

The other five children were also attentive to their parents, though not to the extent Mercedes was. The family can be considered as close prior to this litigation.

John Melton left a Will, dated January 3, 1964, giving everything to his wife, if she survived him, but to his children equally if he survived her.

The crucial issue here is whether the statutory provision which would give the money in these accounts to Mercedes is overcome by ". . . clear and convincing evidence of a different intention at the time the account is created."

Evidence as to what John Melton said about the creation of these joint accounts at and shortly after the time they were created is found in the December 1982 transcript at pages 19, 26, 39, 40, 56, 57, 58,

68, 82, 89, 90, 95. A consideration of evidence from William Melton, Gay Melton Chesley, and Mercedes reveals clearly that John Melton put these accounts in a joint name with survivorship so that if any bills or things had to be paid, Mercedes could write checks. However, Lawrence Haislip, husband of Mercedes, testified that John Melton told him he was ". . . going to fix it so that your wife will have it." (Tr. p. 82, 89).

There is evidence of statements by John Melton well after the opening of the joint accounts which is more in conflict with respect to what he wanted done with his money (Tr. 12-82, p. 20, 27, 28, 60, 61, 62), but the critical time is when the account was opened.

There is also evidence that Mercedes had a Power of Attorney from John Melton from April 28, 1980, which would allow her to write checks, and thus the creation of the joint accounts was not needed for Mercedes to draw on those funds. How often Mercedes wrote checks on this Power is not shown. She does say that "I had to use it at the bank to show them I could write the checks and deposit the money in there." (Tr. p. 53). There is no further detail on this, and there is no evidence as to whether John Melton realized the full effect of the Power.

The Commissioner heard the evidence and concluded that there was clear and convincing evidence that the joint accounts were created ". . . so that Mercedes could write checks for him, and not that all the money would pass to her upon his death."

The conclusions of a Commissioner, where the evidence has been taken in his presence, is entitled to great weight and should be sustained unless it is contrary to the law, or unsupported by the evidence. 16 M.J., Reference and Commissioners, § 33. The issue here was a factual one. The Commissioner has found that John Melton's intention was to enable Mercedes to draw checks on the account. In reaching this conclusion, he applied the proper standard, clear

and convincing evidence. There is evidence from William Melton, Gay Melton Chesley and Mercedes herself which supports that conclusion. This court cannot disturb a report based on such competent evidence.

The exceptions to the Commissioner's Report will be denied.